**ZUKERMAN GORE BRANDEIS**
 **& CROSSMAN, LLP**
John K. Crossman
Eleven Times Square
New York, New York 10036
Telephone: 212-223-6700
*Attorneys for Defendant*
*Hillsong Connecticut, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WALL STREET THEATER COMPANY, INC.,** | |
| Plaintiff, | Case No. 21-cv-00213 |
| v. | **ANSWER AND COUNTERCLAIM** |
| **HILLSONG CONNECTICUT, LLC** | |
| Defendant. | |

Defendant and Counterclaim-Plaintiff Hillsong Connecticut, LLC ("Hillsong") by and through its undersigned counsel, hereby answers and responds to the Complaint of Wall Street Theater Company, Inc. ("Wall Street Theater"), as follows:

FIRST COUNT

1. Hillsong denies the allegations in Paragraph 1, except Hillsong respectfully refers the Court to the License Agreement for its terms and effect.

2. Hillsong denies the allegations of Paragraph 2.

3. Hillsong denies the allegations of Paragraph 3.

4. Hillsong denies the allegations of Paragraph 4, except Hillsong respectfully refers the Court to Executive Order 7D for its terms and effect.

5. Hillsong denies the allegations of Paragraph 5.

1

6. Hillsong denies the allegations of Paragraph 6, except Hillsong respectfully refers the Court to Executive Order 7TT for its terms and effect.

7. Hillsong denies the allegations of Paragraph 7.

8. Hillsong denies the allegations of Paragraph 8.

**SECOND COUNT**

1-2. Hillsong repeats and realleges each and every answer set forth in Paragraphs 1 and 2 of the First Count as if fully set forth herein.

3. Hillsong denies the allegations of Paragraph 3.

4. Hillsong denies the allegations of Paragraph 4.

5. Hillsong denies the allegations of Paragraph 5.

**THIRD COUNT**

1-8. Hillsong repeats and realleges each and every answer set forth in Paragraphs 1 through 8 of the First Count as if fully set forth herein.

9-12. Hillsong repeats and realleges each and every answer set forth in Paragraphs 1 through 4 of the Second Count as if fully set forth herein.

13. Hillsong denies the allegations of Paragraph 13.

14. Hillsong denies the allegations of Paragraph 14.

## AFFIRMATIVE DEFENSES

Hillsong sets forth the following affirmative defenses, without admitting or denying any of the allegations of the Complaint or assuming the burden of proof for any defense. Hillsong reserves the right to amend or supplement its defenses, including as information is discovered or revealed by further investigation, discovery or at trial.

### *First Affirmative Defense*

The Complaint fails to state a claim in whole or in part upon which relief may be granted.

### *Second Affirmative Defense*

Wall Street Theater's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Wall Street Theater's claims are barred by the doctrine of laches.

### Forth Affirmative Defense

Wall Street Theater's claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Wall Street Theater suffered no injury.

### Sixth Affirmative Defense

Wall Street Theater is barred from recovery due to its failure to mitigate damages.

### Seventh Affirmative Defense

Wall Street Theater's claims are subject to offset.

### Eighth Affirmative Defense

Wall Street Theater's injury, if any, was not caused by Hillsong.

### Ninth Affirmative Defense

Wall Street Theater's claims are barred by the doctrine of estoppel.

### Tenth Affirmative Defense

Wall Street Theater's damages, if any, were caused by its failure to speak notwithstanding that it had a duty to speak.

### Eleventh Affirmative Defense

Wall Street Theater's claims are barred because the Agreement was terminated.

### Twelfth Affirmative Defense

Wall Street Theater's claims are barred because Hillsong's obligation to pay was excused by the doctrine of force majeure.

## DEFENDANT'S COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Hillsong Connecticut, LLC ("Hillsong"), asserts the following counterclaim against Plaintiff and Counterclaim-Defendant Wall Street Theater, Inc. ("Wall Street Theater").

## PARTIES AND JURISDICTION

1. Hillsong Connecticut, LLC is a limited liability company whose sole member is Hillsong Church USA, Inc. Hillsong Church USA, Inc. is a corporation organized under the laws of the state of Virginia, with its principal place of business in California.

2. Upon information and belief, Wall Street Theater Inc. is a corporation organized under the laws of the state of Connecticut, with its principal place of business in Connecticut.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action involves citizens of different States and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Wall Street Theater has expressly consented to the personal jurisdiction of this Court pursuant to the Agreement underlying this action.

5. Venue is appropriate pursuant to 28 U.S.C. § 1441(a).

## FACTS

6. On September 20, 2019, Hillsong and Wall Street Theater entered into the Wall Street Theater License Agreement (the "Agreement").

7. Pursuant to the Agreement, Hillsong received a license to use a premises, owned by Wall Street Theater, every Sunday for Hillsong's church services until the Agreement was terminated.

8. During the life of the contract, in between each Sunday service, Wall Street permitted Hillsong to store its equipment at the premises.

9. The equipment which Hillsong stored at the premises includes, but is not limited to, multiple televisions, a television rack, a projector and case, a fly cage, stage decks and legs, cabling, video converters and lighting trusses (collectively the "Hillsong Property").

10. The value of the Hillsong Property is at least one hundred and twenty-five thousand dollars ($125,000.00).

11. At all relevant times, Hillsong has legal ownership over the Hillsong Property.

12. Due to COIVD-19, Hillsong has not been holding Sunday services at the Wall Street Theater's premises.

13. As a result, no member of Hillsong has been physically present at the premises since March 8, 2020.

14. On March 12, 2020, Hillsong provided Wall Street Theater notice invoking the Force Majeure provision of the Agreement.

15. In addition to invoking the Force Majeure provision of the Agreement, which has continued to excuse Hillsong's performance, in the alternative, on May 11, 2020, Hillsong provided Wall Street Theater 120 days' notice to terminate the Agreement.

16. At no point during the contract term did Wall Street Theater ever assert that Hillsong was in breach of the Agreement.

17. On October 21, 2020, Hillsong, sent an email to Wall Street Theater requesting that employees of Hillsong be permitted access to the premises on Sunday, October 25, 2020, so that they could retrieve the Hillsong Property.

18. On October 21, 2020, Wall Street Theater responded to Hillsong's email and stated that they would not allow Hillsong into the premises to retrieve the Hillsong Property.

19. On November 25, 2020 Hillsong again reached out to Wall Street Theater requesting that employees of Hillsong be permitted access to the premises in order to retrieve the Hillsong Property.

20. Wall Street Theater did not respond to Hillsong's request for access to retrieve the Hillsong Property.

21. On January 4, 2020, Hillsong emailed Wall Street Theater for a third time, requesting that Hillsong employees be permitted to retrieve the Hillsong Property from the premises.

22. On January 6, 2020, Wall Street Theater again stated that Hillsong could not have access to the premises to retrieve the Hillsong Property.

23. As a result of Wall Street Theater's repeated refusal to permit Hillsong to access the premises, despite repeated requests by Hillsong, Wall Street Theater has interfered with Hillsong's possession and use of the Hillsong Property.

**COUNT ONE**
**(Conversion)**

24. Hillsong realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

25. Hillsong is the legal owner of the Hillsong Property.

26. On numerous occasions, Hillsong demanded that Wall Street Theater allow them access to the premises to retrieve the Hillsong Property; however, Wall Street Theater has refused to surrender possession of the Hillsong Property and deprived Hillsong of the Hillsong Property.

27. Wall Street Theater's refusal to allow Hillsong to access the Hillsong Property amounts to a conversion.

28. Wall Street Theater was not authorized to retain possession of the Hillsong Property.

29.     Wall Street Theater has wrongfully refused to surrender possession of the Hillsong Property.

30.     By reason of the foregoing, Hillsong has been damaged in an amount to be determined at trial, but in no event less than $125,000.00.

WHEREFORE, Hillsong demands judgment as follows:

A.     On its first cause of action, awarding Hillsong actual damages, in an amount to be determined at trial, but in no event less than $125,000 together with interest thereon;

B.     Awarding Hillsong attorneys' fees and costs of this action;

C.     Dismissing Wall Street Theater's claims with prejudice; and

D.     Granting such other and further relied as this Court deems just and proper.

## JURY DEMAND

Hillsong demands a trial by jury on all issues so triable.

Dated: New York, New York
       February 26, 2021

ZUKERMAN GORE BRANDEIS
& CROSSMAN, LLP

By: */s/ John Crossman*
     John K. Crossman
Eleven Times Square
New York, New York 10036
Telephone: 212-223-6700
jcrossman@zukermangore.com
*Attorneys for Defendant*
*Hillsong Connecticut, LLC*

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this 26 day of February, 2021 to all counsel of record as follows:

Mark A. Sank
**MARK SANK & ASSOCIATES, LLC**
666 Glenbrook Road
Stamford, CT 06906
(203) 967-1190
*Attorney for Plaintiff*

_____
**Ashley Dale**