UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALL STREET THEATER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILLSONG CONNECTICUT, LLC, <br><br> Defendant. | Civ. Action No. 3:21-cv-213-SRU <br><br><br> April 2, 2021 |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff Wall Street Theater Company, Inc. ("Plaintiff") submits this Answer to the Counterclaim filed by Defendant Hillsong Connecticut, LLC ("Defendant").  (ECF No. 13.)

### DEFENDANT'S COUNTERCLAIM

### PARTIES AND JURISDICTION

1. Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, Plaintiff neither admits nor denies these allegations and leaves Defendant to its proof. To the extent any further response is required, Plaintiff denies the allegations in Paragraph 1.

2. Plaintiff admits the allegations in Paragraph 2, and further responds by stating that Wall Street Theater Company Inc. is a 501(c)(3) non-profit organization.

3. The allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 3 and leaves Defendant to its proof.

4.     Plaintiff admits that both Plaintiff and Defendant submitted to the personal jurisdiction of the state and federal courts sitting in the State of Connecticut pursuant to the Wall Street Theater License Agreement dated September 20, 2019 (the "License Agreement").

5.     The allegation in Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 5 and leaves Defendant to its proof.

## FACTS

6.     Plaintiff admits the allegations in Paragraph 6.

7.     The provisions of the License Agreement concerning the scope and duration of Defendant's license speak for themselves. To the extent any further response is required, Plaintiff denies the allegations in Paragraph 7 and leaves Defendant to its proof.

8.     Plaintiff denies the allegations in Paragraph 8.

9.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, Plaintiff neither admits nor denies these allegations and leaves Defendant to its proof. To the extent any further response is required, Plaintiff denies the allegations in Paragraph 9.

10.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, Plaintiff neither admits nor denies these allegations and leaves Defendant to its proof. To the extent any further response is required, Plaintiff denies the allegations in Paragraph 10.

11.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, Plaintiff neither admits nor denies these

allegations and leaves Defendant to its proof.  To the extent any further response is required, Plaintiff denies the allegations in Paragraph 11.

12. Plaintiff denies the allegations in Paragraph 12.

13. Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, Plaintiff neither admits nor denies these allegations and leaves Defendant to its proof.  To the extent any further response is required, Plaintiff denies the allegations in Paragraph 13.

14. Plaintiff denies the allegations in Paragraph 14.

15. Plaintiff denies the allegations in Paragraph 15.

16. Plaintiff denies the allegations in Paragraph 16.

17. Plaintiff denies the allegations in Paragraph 17.  Responding further, Plaintiff states that any email or written communication speaks for itself.

18. Plaintiff denies the allegations in Paragraph 18.  Responding further, Plaintiff states that any email or written communication speaks for itself.

19. Plaintiff denies the allegations in Paragraph 19.  Responding further, Plaintiff states that any email or written communication speaks for itself.

20. Plaintiff denies the allegations in Paragraph 20.

21. Plaintiff denies the allegations in Paragraph 21.  Responding further, Plaintiff states that any email or written communication speaks for itself.

22. Plaintiff denies the allegations in Paragraph 22.  Responding further, Plaintiff states that any email or written communication speaks for itself.

23. Plaintiff denies the allegations in Paragraph 23.

## COUNT ONE - CONVERSION

24. Plaintiff incorporates its answers to Paragraph 1 to 24 as if dully set forth herein as the answer to Paragraph 24.

25. Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, Plaintiff neither admits nor denies these allegations and leaves Defendant to its proof.  To the extent any further response is required, Plaintiff denies the allegations in Paragraph 25.

26. Plaintiff denies the allegations in Paragraph 26.

27. Plaintiff denies the allegations in Paragraph 27.

28. Plaintiff denies the allegations in Paragraph 28.

29. Plaintiff denies the allegations in Paragraph 29.

30. Plaintiff denies the allegations in Paragraph 30.

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief requested in the Counterclaim.

## AFFIRMATIVE DEFENSES

Without admitting or denying any of the allegations of the Counterclaim or assuming the burden of proof for any defense, Plaintiff sets forth the following affirmative defenses:

1. The Counterclaim fails to state a claim in whole or in part upon which relief may be granted.

2. Defendant's claim is barred by the doctrine of unclean hands.

3. Defendant's claim is barred by the doctrine of laches.

4. Defendant's claim is barred by the doctrine of waiver.

5. Defendant's claim is subject to setoff and/or recoupment.

## RESERVATION OF RIGHTS

Plaintiff expressly reserves the right to amend or supplement this Answer, including the right to raise any additional defenses not asserted herein that may be revealed during the course of discovery or other investigation or that are otherwise applicable.

WHEREFORE, having answered the Counterclaim, Plaintiff prays as follows:

(a) That the Counterclaim and the cause of action described therein be

dismissed with prejudice;

(b) That judgment enter for Plaintiff on the Counterclaim;

(c) That Plaintiff be awarded its reasonable attorney's fees, expenses, and costs; and

(d) That Plaintiff be granted such other and further relief as this Court deems necessary and appropriate.

PLAINTIFF WALL STREET THEATER COMPANY, INC.

By: */s/ Thomas J. O'Neill*
Thomas J. O'Neill (ct12971)
DAY PITNEY LLP
One Stamford Plaza
263 Tresser Boulevard, 7th Floor
Stamford, CT 06901
Phone: (203) 977-7557
Fax: (203) 399-5893
Email: tjoneill@daypitney.com

*Attorney for Plaintiff Wall Street Theater Company, Inc.*

-6-

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on April 2, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                               */s/ Thomas J. O'Neill*
                                                                               Thomas J. O'Neill (ct12971)